UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 8:13-cv-359-T-30TBM

REAL PROPERTY, INCLUDING
ALL IMPROVEMENTS THEREON
AND APPURTENANCES THERETO,
LOCATED AT 11657 RENAISSANCE
VIEW COURT, TAMPA, FLORIDA,

    Defendant.
_____/

## **DEFAULT JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States' Motion for entry of a Default Judgment of Forfeiture (Doc. 26) for 357,450.89 in Substitute Res representing 11657 Renaissance View Court, Tampa, Florida (Defendant Property), pursuant to Fed. R. Civ. P. Rule 55(b)(2), and Local Rule 7.03(i)(1).

Being fully advised of the relevant facts, the Court hereby finds that:

On February 7, 2013, the United States filed a Verified Complaint for Forfeiture *in Rem* seeking judicial forfeiture of the Defendant Property, pursuant to 18 U.S.C. § 981(a)(1)(C), because the Defendant Property was purchased with proceeds traceable to "specified unlawful activit[ies]," as that term is defined in 18 U.S.C. § 1956(c)(7). Specifically, the Defendant Property was purchased with the proceeds of mail, wire, and health care fraud, committed in violation of 18 U.S.C. §§

1341, 1343, 1347, respectively. The action was also brought, pursuant to 18 U.S.C. § 981(a)(1)(A), because the financial transactions conducted to purchase the Defendant Property were designed to conceal and disguise the nature, location, source, control, and ownership of the criminal proceeds used to purchase the property, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Doc. 1.

The United States also filed a motion, pursuant to 18 U.S.C. §983(j)(1), for a protective order to secure, maintain and preserve the availability for forfeiture of the Defendant Property.  Doc. 2. The motion explained that the owners of the Defendant Property had fled the country and were attempting to sell the Defendant Property, which would allow them to take the proceeds of their criminal activity outside the jurisdiction of this Court.  The United States asked for a Court order that, among other things, prevented any sale of the Defendant Property unless (a) the government approved all terms of the sale, including but not limited to the terms listed in the HUD-1, *and* (b) the net proceeds were immediately deposited into an account held in the custody and control of the United States Marshals Service so that they can be preserved as substitute *res*.

The Court granted the United States' motion and issued a protective order that included the provisions mentioned above. Doc. 6.  Then, on May 15, 2013, the Defendant Property was sold pursuant to terms approved by the United States, and, thereafter, the net proceeds of that sale—357,450.89 (Substitute Res)—were

deposited into a designated USMS account pending resolution of the case. The United States now seeks forfeiture of the Substitute Res.

On February 16, 2013, the United States commenced publication of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, through and including March 17, 2013, as required by Supplemental Rule G(4)(a)(i) & (iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (Rule G). Doc. 8.

On February 14, 2013, in accordance with the requirements of Rule G(4)(b), the United States also sent proper notice of the civil in rem case to all potential claimants. The packages were sent both via certified United States mail and via first class mail, and included: (1) a Notice of Complaint for Forfeiture in Rem; (2) the Verified Complaint for Forfeiture in Rem; (3) Acknowledgment of Receipt of Notice of Verified Complaint; (4) the Notice of Designation Under Local Rule 3.05; and (5) a self-addressed, stamped envelope. The Notice of Forfeiture directed the recipients to file a Statement of Right or Interest with the Clerk of Court within 35 days after receipt of the notice.

The Notice of Forfeiture specifically advised the recipients that, in order to contest the United States' civil forfeiture complaint, an individual was required to: (a) file a Statement of Right or Interest within 35 days after receipt of the notice; and (b) file an Answer within 21 days after filing the Statement of Right or Interest. The

notice further instructed the potential claimants to file their Statement of Right or Interest and Answer with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602. Finally, the notice advised that the "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests."

On April 19, 2013, pursuant to the United States' Motion, the Clerk properly entered a Default for Aramys Diaz, Yairis Diaz, Louis Oscar Sherwood, Florida Trust Investment, LLC., Mandolin Reserve Homeowners Association, Complete Medical Therapy Services, Inc., and A & Y Professional Services, LLC as to the Defendant Property. Docs. 16-22.

Amores Property Investment, LLC filed a Verified Claim to the Property (Doc. 9), but later withdrew the claim (Doc. 23). The Hillsborough County Tax Collector also filed a Verified Claim to the Defendant Property (Doc. 12), regarding which the Tax Collector and United States entered into a stipulated settlement agreement (Doc. 14).

The United States has fulfilled its duties of notice under Local Rule 7.03 and no person or entity has filed either a claim or an answer to the complaint for forfeiture, other than Amores Property Investment, LLC., whose Verified Claim was withdrawn, and the Tax Collector, whose interest was settled. Thus all claims to the Defendant Property have now been either foregone or resolved. The time for additional persons to file a claim or otherwise contest the forfeiture of the Defendant Property has expired, it is accordingly, hereby:

4

ORDERED, ADJUDGED and DECREED that the United States' motion (Doc. 26) is GRANTED.

It is FURTHER ORDERED that pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 7.03(i)(1), judgment of default is hereby entered against Aramys Diaz, Yairis Diaz, Louis Oscar Sherwood, Florida Trust Investment, LLC., Mandolin Reserve Homeowners Association, Complete Medical Therapy Services, Inc., and A & Y Professional Services, LLC, for failure to file a claim within 35 days from the receipt of notice of the forfeiture, as required under Supp'l Rule G(5)(a)(ii)(A). Any further claims or statements of interest are time-barred.

It is FURTHER ORDERED that all right, title, and interest in the 357,450.89 in Substitute Res, representing the Defendant Property, are hereby forfeited to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), Fed. R. Civ. P. 55(b)(2) and Local Rule 7.03(i)(1), and clear title to the Substitute Res is vested in the United States of America for disposition according to law.

It is ORDERED that the Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2013.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-359.defaultjudgment.wpd